UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBINSON PERALTA,<br><br>                              Plaintiff,<br><br>               -v-<br><br>NYPD, et al.,<br><br>                              Defendants. | 21-CV-6395 (JMF)<br><br>MEMORANDUM OPINION<br>AND ORDER OF SERVICE |

JESSE M. FURMAN, United States District Judge:

Plaintiff, who is appearing *pro se* and proceeding *in forma pauperis* ("IFP"), brings this

action under 42 U.S.C. § 1983, alleging that officers employed with the New York City Police

Department ("NYPD") followed and harassed him during a ten-year period, without cause.  The

Court construes Plaintiff's allegations as asserting equal protection claims under the Fourteenth

Amendment to the United States Constitution.  As set forth below, the Court: (1) dismisses

Plaintiff's claims brought against the NYPD; the Internal Affairs Bureau ("IAB"); New York

City's Department of Investigation ("DOI"); NYPD Detectives Stone, Salcedo, and Witten, with

leave to amend as to Salcedo and Witten; the Federal Bureau of Investigations ("FBI"); and FBI

Agent Margaret Girard; and (2) directs service on the City of New York.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or

malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see Livingston v.

Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).  The Court must also dismiss a

complaint when the Court lacks subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).  While

the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se*

pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise

the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471,

474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The following facts are taken from the Complaint and assumed to be true.  Beginning in

2010, up until the present, NYPD officers have harassed Plaintiff because they believed that he

committed a murder.  In response to this alleged harassment, Plaintiff has filed claims with the

NYPD's IAB, New York City's DOI, and the FBI, all to no avail.  Specifically, Plaintiff alleges

that Detective Stone and FBI Agent Girard separately failed to investigate his claims.

## DISCUSSION

### A.    Claims Against City Agencies

Plaintiff's claims against the NYPD, the NYPD's IAB, and New York City's DOI must

be dismissed because an agency of the City of New York is not an entity that can be sued.  N.Y.

City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the

violation of any law shall be brought in the name of the city of New York and not in that of any

agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93

n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y.

2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of

New York, the Court construes the Complaint as asserting claims against the City of New York,

and directs the Clerk of Court to amend the caption of this action to replace the NYPD, the IAB,

and the DOI with the City of New York.  *See* Fed. R. Civ. P. 21.  This amendment is without

prejudice to any defenses the City of New York may wish to assert.

**B.      Claims Against the FBI**

Under the doctrine of sovereign immunity, the FBI is immune from any liability arising out of Plaintiff's claims.  The doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, including suits against federal agencies, unless sovereign immunity has been waived.  *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *see Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived.").  The Court therefore dismisses all claims brought against the FBI under the doctrine of sovereign immunity.  *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

**C.      Claims Against FBI Agent Girard and NYPD Detective Stone**

The United States Constitution does not provide individuals with an affirmative right to an investigation of their claims by the government that is protected by the Due Process Clause of the Fourteenth Amendment.  *See DeShaney v. Winnebago Soc. Servs.*, 489 U.S. 189, 196 (1989) ("[T]he Due Process Clause[] generally confer[s] no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual."); *see also Bernstein v. New York*, 591 F. Supp. 2d 448, 460, 465 (S.D.N.Y. 2008) ("Courts within the Second Circuit have determined that there is no constitutional right to an investigation by government officials." (cleaned up) (collecting cases)).

Two exceptions to this no-duty-to-investigate rule apply: (1) if "the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being," *DeShaney*, 489 U.S. at 199-200; and (2) the government may assume some obligation when it

"assist[s] in creating or increasing the danger," *see Matican v. City of New York*, 524 F.3d 151, 155 (2d Cir. 2008) (citations omitted).  Here, Plaintiff provides no facts suggesting that his claims against Agent Girard or Detective Stone fall under either of the narrow exceptions to the general rule that there is no substantive due process right to an investigation.  Because Plaintiff cannot show that Agent Girard or Detective Stone violated his due process rights, Plaintiff's claims against these two defendants concerning their alleged failure to investigate the NYPD must be and are dismissed for failure to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

**D.     Claims Against Detectives Salcedo and Witten**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendant's direct and personal involvement in the alleged constitutional deprivation.  *See Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (citation omitted)).  A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*.").  Instead, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official . . . ."  *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

---

[1]     In light of that conclusion, the Court need not and does not decide whether Plaintiff can bring a private action against Agent Girard under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Plaintiff does not allege any facts showing how Detectives Salcedo and Witten were personally involved in the events underlying his claims.  Plaintiff's claims against these two defendants are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

E.     **Service on the City of New York**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.  *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) ("The court must . . . order [the U.S. Marshals Service to serve] if the plaintiff is authorized to proceed in forma pauperis . . . ."). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and Complaint until the Court reviewed the Complaint and ordered that a summons be issued.  The Court therefore extends the time to serve until 90 days after the date the summons is issued.  If the Complaint is not served within that time, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant the City of New York through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant.  The Clerk of Court is further

instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this defendant.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney.  District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile.  *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).  Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).  Because Plaintiff may be able to allege additional facts to state a valid claim against Detectives Salcedo and Witten, the Court grants Plaintiff thirty days' leave to amend his Complaint to detail his claims.

Because Plaintiff's Amended Complaint **will completely replace, not supplement, the original Complaint**, any facts or claims that Plaintiff wants to include from the original Complaint must be repeated in the Amended Complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.  An amended complaint form is attached to this Order.

The Court dismisses Plaintiff's claims against the NYPD, the IAB, the DOI, the FBI, Agent Girard, and Detectives Stone, Salcedo and Witten, with thirty days' leave to amend his

claims against Salcedo and Witten.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).  The Clerk of Court is directed to add the City of New York as a Defendant under Fed. R. Civ. P. 21.

The Clerk of Court is further instructed to issue a summons as to the City of New York, complete the USM-285 form with the address for this defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    August 31, 2021
         New York, New York

_____
JESSE M. FURMAN
United States District Judge

## DEFENDANT AND SERVICE ADDRESS

City of New York
New York City Law Department
100 Church Street
New York, NY 10007