```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
                                                                      :
ROBINSON PERALTA,                                                     :
                                    Plaintiff,                        :
                                                                      :
                   -v-                                                :        21-CV-6395 (JMF)
                                                                      :
CITY OF NEW YORK et al.,                                              :        MEMORANDUM OPINION
                                    Defendants.                       :             AND ORDER
                                                                      :
---------------------------------------------------------------------- X
```

JESSE M. FURMAN, United States District Judge:

Plaintiff Robinson Peralta, proceeding without counsel and *in forma pauperis*, brings claims, pursuant to 42 U.S.C. § 1983 and New York law, against the City of New York (the "City") and two officers from the New York City Police Department ("NYPD"), alleging that, for over a decade, NYPD officers and others have followed and harassed him without cause.[1] Liberally construed, the operative Amended Complaint, ECF No. 12 ("Am. Compl."),[2] alleges claims for violations of the Fourth and Fourteenth Amendments as well as state-law tort claims. The City now moves, pursuant to Federal Rule of Civil Procedure 12(b), to dismiss the Amended Complaint. ECF No. 20.[3] For the reasons that follow, the City's motion is GRANTED.

---

[1]   An earlier complaint alleged claims against various City agencies, the Federal Bureau of Investigation ("FBI"), and other individual defendants. *See* ECF No. 2. In a Memorandum Opinion and Order entered on August 31, 2021, the Court dismissed Peralta's claims against all Defendants other than the City, but granted leave to file an amended complaint with respect to the two individual Defendants named in the Amended Complaint. *See* ECF No. 6, *Peralta v. NYPD*, No. 21-CV-6395 (JMF), 2021 WL 3887795, at *1, 4 (S.D.N.Y. Aug. 31, 2021).

[2]   References to page numbers in the Amended Complaint are to the page numbers automatically generated by the Court's Electronic Case Filing system.

[3]   Neither of the two individual Defendants, Hansen Salcedo and Daniel Wynne, has yet appeared. According to the docket, Wynne was served on June 29, 2022, and his answer is due on July 20, 2022. *See* ECF No. 54. The docket does not reflect service on Salcedo.

**BACKGROUND**

The following facts, taken from the Amended Complaint, are assumed to be true for purposes of this motion. *See, e.g.*, *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009). Peralta alleges that, in the summer of 2010, members of the NYPD "accused" him of "killing someone" and began "stalking" him. Am. Compl. 9. According to the Amended Complaint, since that 2010 accusation, NYPD officers, "community block watchers," and other unidentified individuals have repeatedly harassed him. *Id.* at 8-15. More specifically, Peralta has been "followed aggressively," intimidated to leave a deli by "block watchers" who "circl[ed] around [him] like shark to bait," searched by two detectives without explanation, and followed into a Chase bank by a person sent by the police, among other similar incidents. *Id.* at 9-12; *see also id.* at 18-19. Based on these incidents, Peralta brings claims against the City and the two detectives involved in the aforementioned search for violations of his "[Fourth] Amendment" rights, "malicious prosecution," and "defamation of character." *Id.* at 2, 12. Liberally construed, the Amended Complaint also brings equal protection claims under the Fourteenth Amendment and state-law claims for intentional and negligent infliction of emotional distress. *See id.* at 6, 21; *see also* ECF No. 23 ("Def.'s Mem."), at 11, 22-24. Peralta seeks $500 million in monetary damages, injunctive relief, and "a concealed carry weapon." *See* Am. Compl. at 6.

**LEGAL STANDARDS**

A Rule 12(b)(6) motion tests the legal sufficiency of a complaint. In reviewing a motion to dismiss pursuant to Rule 12(b)(6), a court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See, e.g.*, *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009). Thus, in order to survive a Rule 12(b)(6) motion against a defendant, a plaintiff must plead sufficient facts that, accepted as true, "state a claim to

2

relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing Twombly, 550 U.S. at 556). More specifically, the plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 555 U.S. at 678. A complaint that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 545. Further, if the plaintiff has not "nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Id*. at 570.

When, as here, a plaintiff is proceeding without counsel, the law is clear that his submission should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9, (1980) (internal quotation marks and citations omitted); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (stating that a court is "obligated to construe a *pro se* complaint liberally"). Nevertheless, *pro se* plaintiffs are not excused from the normal rules of pleading, and "dismissal under Rule 12(b)(6) is proper if the complaint lacks an allegation regarding an element necessary to obtain relief." *Geldzahler v. New York Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (cleaned up)). Indeed, the "duty to liberally construe a plaintiff's complaint is not the equivalent of a duty to re-write it." *Id.* (cleaned up); *see also, e.g., Joyner v. Greiner*, 195 F. Supp. 2d 500, 503 (S.D.N.Y. 2002) (dismissing an action because the *pro se* plaintiff "failed to allege facts tending to establish" a violation of his constitutional rights).

## DISCUSSION

Peralta seeks both money damages and injunctive relief from the City pursuant to Section 1983. The City moves to dismiss the claims for money damages on the ground that the Amended Complaint fails to state a claim for municipal liability and moves to dismiss the claims

3

for injunctive relief on the ground that Peralta lacks standing. The Court will address each of these arguments in turn and then consider Peralta's claims under state law.

First, it is well established that, "[t]o hold a city liable under [Section] 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007) (cleaned up) (quoting *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983)). As relevant here, a plaintiff may satisfy the "'custom, policy, or usage' requirement" by alleging facts that suggest the existence of "a practice so persistent and widespread that it constitutes a custom of which constructive knowledge can be implied on the part of policymaking officials." *Corso v. City of New York*, No. 17-CV-6096 (NRB), 2018 WL 4538899, at *12 (S.D.N.Y. Sept. 20, 2018) (collecting cases); *accord Sorlucco v. New York City Police Dep't*, 971 F.2d 864, 870 (2d Cir. 1992) ("So long as the discriminatory practices of city officials are persistent and widespread, they could be so permanent and well settled as to constitute a 'custom or usage' with the force of law, and thereby generate municipal liability." (internal quotation marks omitted)).

Measured against these standards, Peralta's allegations fall woefully short. As noted, Peralta alleges that, since he was first accused of murder, he has been harassed by NYPD police officers, block watchers, and others in the community. Am. Compl. 8-12, 19. But these allegations, even taken together, are not sufficient to plausibly infer that there is a "persistent and widespread" practice among City officials related to the incidents Peralta complains of that is "so permanent and well settled" as to effectively have "the force of law." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Compounding matters, only a small number of the incidents described by Peralta in the Amended Complaint even involved NYPD officers, as opposed to "community block watchers" or other unidentified people. Am. Compl. 8-14; *see also, e.g.*, *id.*

4

at 10 (alleging that "a man . . . followed [Peralta] around [t]he neighborhood," but noting that Peralta does "not know who this person is" or whether he "works for law enforcement"); *id.* at 12 (describing an incident involving a "guy in [a] gray shirt and black shorts" who "follow[ed] [Peralta] around"). And beyond a conclusory statement that the "community block watchers" are "[s]tate actors," Am. Compl. 14, — a statement that the Court is not required to accept as true — Peralta offers no allegations to plausibly connect these "block watchers" or the others described in the Amended Complaint to the City, *see Boswell v. Bimbo Bakeries USA*, 570 F. Supp. 3d 89, 93 (S.D.N.Y. 2021) ("[T]he Supreme Court has made clear that a court should not accept . . . 'conclusory statements' set forth in a complaint as true." (quoting *Iqbal*, 556 U.S. at 686)).

In short, the allegations in the Amended Complaint are insufficient to satisfy the first element of the municipal liability test. *See, e.g.*, *Carno v. United States*, No. 17-CV-7998 (NSR), 2019 WL 2287966, *13 (S.D.N.Y. May 28, 2019) (holding that because the plaintiff had "not pleaded anywhere in his complaint that there was any *policy* or *custom* related to how inmates with burns were treated," there were "simply not enough facts in Plaintiff's Complaint . . . to hold [the defendant] liable for the arguable constitutional violations he suffered"); *Taylor v. City of New York*, 953 F. Supp 95, 99 (S.D.N.Y. 1997) (granting the defendant's motion to dismiss based on the plaintiff's failure "to allege the existence of a policy or custom which led to plaintiff's injuries, much less that [those] defendants created, acquiesced in, or even had knowledge of such a policy or custom"). It follows that Peralta likewise fails to satisfy the second element, which requires "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *Outlaw v. City of Hartford*, 884 F.3d 351, 373 (2d Cir. 2018). That is, because Peralta "does not allege any policies, practices, usages, or customs" related to the incidents at issue, he cannot "plausibly allege that the City's practices and customs . . . were a moving force behind [any alleged] constitutional deprivations." *Corso*, 2018 WL

5

4538899, at *15.⁴  Accordingly, Peralta's Section 1983 claims for money damages against the City must be and are dismissed.

Peralta's failure to plausibly allege an official policy or custom also dooms his Section 1983 claims for injunctive relief against the City, albeit for slightly different reasons.  To have "standing to seek injunctive relief" for a Section 1983 claim, a plaintiff must show that "he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct," *Shain v. Ellison*, 356 F.3d 211, 215 (2d Cir. 2004) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-02 (1983)), and that the injury is "likely to be redressed by the requested relief," *Allen v. Wright*, 468 U.S. 737, 751 (1983); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  To do so, "a plaintiff must show '*both* [1] a likelihood of future harm *and* [2] the existence of an official policy or its equivalent.'"  *Medina v. City of New York*, No. 19-CV-9412 (AJN), 2020 WL 7028688, at *4 (S.D.N.Y. Nov. 30, 2020) (quoting *Shain*, 356 F.3d at 216).  Here, as discussed, Peralta fails to plausibly allege "the existence of an official policy or its equivalent." *Id.*⁵  It follows that he lacks standing to pursue injunctive relief.  *See Shain*, 356 F.3d at 216; *An v. City of New York*, 230 F. Supp. 3d 224, 229 (S.D.N.Y. 2017) (concluding the "[p]laintiff lack[ed] standing because" the Complaint failed to "adequately allege[] the equivalent of an official policy").

---

⁴       Given the foregoing, the Court need not and does not address whether Peralta plausibly alleges a denial of his constitutional rights

⁵       Courts in this Circuit typically "appl[y] *Monell* and its progeny when evaluating whether a plaintiff has alleged an official policy or equivalent for purposes of conferring standing." *An v. City of New York*, 230 F. Supp. 3d 224, 229 n.1 (S.D.N.Y. 2017) (collecting cases).  At least one district court, however, has held that a "much *narrower* definition of an 'official policy'" applies to the issue of standing. *MacIssac v. Town of Poughkeepsie*, 770 F. Supp. 2d 587, 597, 601 (S.D.N.Y. 2011) (emphasis added).  As Peralta's allegations fail either way, the Court need not and does not resolve which standard applies.

That leaves only Peralta's claims under state law, for defamation as well as intentional and negligent infliction of emotional distress. *See* Am. Compl. 6. All of these claims fail as a matter of law, either because Peralta did not submit a timely notice of claim as required under state law, or because he did not file his claim within the statute of limitations period. As this Court has explained:

> Section 50-i of New York's General Municipal Law, which governs state law tort claims "against municipalities [and their] officers, agents or employees whose conduct caused the alleged injury," provides by reference to Section 50-e that a "plaintiff must file a notice of claim prior to commencement of an action against a municipality, and must serve the notice of claim within 90 days after the claim arises," even if he brings the claim in the context of "a federal civil rights action." In addition, "the applicable statute of limitations period under [Section 50-i(1)(c) for such actions] is one year and ninety days after the happening of the event on which the claim is based."

*Minus v. Spillane*, No. 17-CV-4623 (JMF), 2019 WL 6498258, at *3 (S.D.N.Y. Dec. 3, 2019) (citation omitted) (quoting N.Y. Gen. Mun. Law § 50-i and *Warner v. Vill. of Goshen Police Dep't*, 256 F. Supp. 2d 171, 174-75 (S.D.N.Y. 2003)). Further, a notice of claim (or lack thereof) is properly considered on a motion to dismiss as an integral part of the complaint because, as a matter of state law, the notice is a precondition to bringing a tort claim against a municipality or municipal employee. *See, e.g.*, *Tyrrell v. Seaford Union Free Sch. Dist.*, No. 08-CV-4811 (SJF) (MLO), 2010 WL 1198055, at *2 n.1 (E.D.N.Y. Mar. 25, 2010).

Here, Peralta filed a notice of claim on April 30, 2018, for his claims through that date. *see* Def.'s Mem. 21; ECF No. 22-3. At the absolute latest, therefore, Peralta had until July 29, 2019 — one year and ninety days from April 30, 2018 — to file any lawsuit based on those claims. *See* N.Y. Gen. Mun. Law § 50-i(1)(c). But he did not file this case until July 27, 2021 — almost two years late. *See* ECF No. 2. Thus, to the extent that Peralta's state-law claims accrued before April 30, 2018, the claims are patently untimely. *See, e.g.*, *Jain v. City of New York*, No. 20-CV-5442 (JMF), 2021 WL 6064204, at *5 (S.D.N.Y. Dec. 22, 2021) (granting a

7

Rule 12(b)(6) motion with respect to state-law claims on the ground that they were untimely under Section 50-i(1)(C)); *Roundtree v. City of New York*, No. 19-CV-2475 (JMF), 2021 WL 1667193, at *4 (S.D.N.Y. Apr. 28, 2021) (same); *see also, e.g.*, *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 798 n.12 (2d Cir. 2014) (noting that while timeliness is typically an affirmative defense, a court may grant a motion to dismiss on the basis of a statute of limitations when the deficiency is clear from the face of the complaint). Meanwhile, Peralta failed to file any notice of claim after April 30, 2018. Accordingly, to the extent that his state-law claims accrued after that date, his claims must be and are dismissed for failure to file a notice of claim. *See, e.g.*, *Highview Properties D.H.F. Inc. v. Town of Monroe*, No. 18-CV-867 (NSR), 2022 WL 2079085, at *14-15 (S.D.N.Y. June 9, 2022) (dismissing plaintiff's state law claims because, "as [d]efendants correctly assert, failure to comply with the notice of claim requirements under General Municipal Law 50-e and 50-h . . . ordinarily requires a dismissal for failure to state a cause of action" (internal quotation marks omitted)); *Rivera v. City of New York*, No. 20-CV-9968 (GHW), 2022 WL 1523165, at *3 (S.D.N.Y. May 13, 2022) (same).[6]

## CONCLUSION

For the reasons stated above, the City's motion to dismiss is GRANTED and all claims against the City are dismissed. The Court need not and does not address the City's other arguments for dismissal or the claims against the individual Defendants.

Additionally, the Court declines to grant Peralta leave to amend his Complaint again. Although leave to amend a pleading should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), and courts should generally grant a *pro se* plaintiff "leave to amend at least once

---

[6] The City asks that the Court dismiss Peralta's state-law claims against the individual Defendants on the same basis. *See* Def.'s Mem. 21-22. Insofar as the City is the only Defendant to have appeared to date, the Court declines to do so at this time.

when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795-96 (2d Cir. 1999) (per curiam) (internal quotation marks omitted), it is "within the sound discretion of the district court to grant or deny leave to amend," *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). The Court already granted Peralta leave to amend, *see* ECF No. 6, *Peralta*, 2021 WL 3887795, at *1, 4, and he has neither sought leave to amend again nor suggested that he possesses any additional facts that could cure the defects in his dismissed claims — most, if not all, of which are likely substantive and could not be cured, *see, e.g.*, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-8188 (JMF), 2019 WL 3034866, at *7 (S.D.N.Y. July 11, 2019) (denying leave to amend as to certain claims in the absence of any suggestion that additional facts could remedy defects in the plaintiff's pleading).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Memorandum Opinion and Order would not be taken in good faith, and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate ECF No. 20, to terminate the City as a party, and to mail a copy of this Memorandum Opinion and Order to Peralta.

SO ORDERED.

Dated: July 18, 2022
      New York, New York

                                         JESSE M. FURMAN
                                        United States District Judge